UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH SEWELL, et al. | CIVIL ACTION |
| VERSUS | NO. 15-03117 |
| SEWERAGE & WATER BOARD OF NEW ORLEANS, et al. | SECTION "N"  (3) |

**ORDER AND REASONS**

Presently before the Court is a motion to sever and remand, filed by the Plaintiffs in the above-captioned matter, Elizabeth Sewell, *et al.* (Rec. Doc. 7). Now, having reviewed the parties' submissions, the applicable law, and the record, the Court **DENIES** the motion.

**I. Background**

This case involves property damage claims arising from a multi-phase Southeast Louisiana Urban Flood Control Project ("the SELA project" or "the project") to construct drainage improvement in the Carrollton and Uptown sections of New Orleans, Louisiana, on and around Claiborne, Jefferson, Napoleon and Louisiana avenues. The project is spearheaded by the United States Army Corps of Engineers ("USACE" or "the Corps") and involves multiple entities, including Defendant Sewerage & Water Board of New Orleans ("the SWB") and various contractors. The Plaintiffs, all of whom are home and business owners in areas impacted by the construction, brought state law claims of inverse condemnation, strict liability, and negligence against the SWB in the Civil District for the Parish of Orleans. The SWB then filed a third-party demand against certain contractors B&K Construction Company, LLC (B&K) and Cajun Constructors, LLC ("Cajun"). In response, B&K removed the matter pursuant to 28 U.S.C. § 1442(a)(1).  Plaintiffs moved to sever and remand.

**II. Law and Analysis**

Absent diversity jurisdiction, the general rule is that a case may only be removed if the complaint affirmatively alleges a federal claim. *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 341 F.Supp.2d 351, 357-58 (S.D.N.Y. 2004). However, § 1442(a)(1), also known as the federal officer removal statute, is one of the few exceptions to this rule. *Id.* It permits, *inter alia*, removal of an entire case by a contractor that, in addition to alleging a federal defense, is also able to: "(1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable defense to the plaintiffs' claims; and (3) demonstrate a causal nexus between the plaintiffs' claims and the acts under color of federal office." *Miles v. Sewerage & Water Bd. of New Orleans*, No. 04-1587, 2004 WL 1794527, *2 (E.D.La. Aug. 10, 2004). If these elements are satisfied, the statute may be invoked, regardless of whether it is done so by a defendant or a third party defendant. *See id.* Moreover, as long as the proper procedures are followed, the power to remove under this statute is absolute – consent of the other defendants is not required. *Id.* at *1 (*citing Willingham v. Morgan*, 395 U.S. 402, 406 (1969)).

The party seeking removal carries the burden of proof for establishing the existence of federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998). Section 1442(a)(1) allows not only for removal of the entire case, but it also confers "a species of ancillary jurisdiction over [its] nonfederal elements." *IMFC Professional Services, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 158 (old 5th Cir.1982). Here, B&K's use of the federal officer removal statute is not contested by the Plaintiffs, and its propriety is strongly supported by multiple decisions of this court involving similar cases arising from other SELA drainage improvement projects. *See Miles v. Sewerage & Water Bd. of New Orleans*, No. 04-1587, 2004 WL 1794527 (E.D.La. Aug. 10,

2004); *Fureigh v. Sewerage & Water Bd. of New Orleans*, No. 04-1374, 2004 WL 1794524 (E.D.La. Aug. 10, 2004); *Shimon v. Sewerage & Water Bd. of New Orleans*, No. 05-1392, 2007 WL 4414709 (E.D.La. Dec. 24, 2007); *Crutchfield v. Sewerage & Water Bd. of New Orleans*, No. 13-4801, 2015 WL 1781663 (E.D.La. April 20, 2015). In light of these decisions, and for the reasons stated by SWB as well as the Third-Party Defendants in this case, the Court finds that B&K's removal of the case was proper under 28 U.S.C. § 1442(a)(1). Having conceded this point, the plaintiffs instead move the court to sever and remand their state law claims due to the presence of at least one of the four factors enumerated in the supplemental jurisdiction statute, 28 U.S.C. § 1367 (c)(1)-(4). However, given the jurisdictional nature of the federal officer removal statute, the plaintiffs have not demonstrated that severance and remand is warranted.

**III. Conclusion**

For the reasons stated above, **IT IS ORDERED** that the Plaintiffs' Motion to Sever and Remand (Rec. Doc. 7) is hereby **DENIED**.

New Orleans, Louisiana, this 12th day of November, 2015.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**