## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELIZABETH SEWELL, ET AL.** | * | **CIVIL ACTION** |
| **v.** | * | **NO.   15-3117** |
| **SEWERAGE & WATER BOARD OF NEW ORLEANS, ET AL.** | * | **SECTION "N" (3)** |
| | * | **JUDGE ENGELHARDT** |
| | * | **MAGISTRATE KNOWLES** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### NON-PARTY, THE UNITED STATES ARMY CORPS OF ENGINEERS', MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER GOVERNING USACE DEPOSITION

COMES NOW INTO COURT, by and through the undersigned Assistant United States Attorney, the United States of America on behalf of its federal agency, the United States Army Corps of Engineers ("USACE"), and pursuant to Fed. R. Civ. P. 26(c), hereby submits its Memorandum in Support of Motion for Protective Order Governing USACE Deposition. USACE is not a party to the *Sewell et. al. v. Sewerage and Water Board of New Orleans, et. al.* litigation (CA. No. 15-3117) ("subject litigation"), nor is USACE currently a party to any cases or matters which have been consolidated with the *Sewell* litigation, such as the cases and claims of the *Lowenburg* Plaintiffs and the *Ariyan* Plaintiff (e.g., CA. Nos.15-6276, 16-2326), for discovery purposes. The *Sewell* Plaintiffs, the *Lowenburg* Plaintiffs, and the *Ariyan* Plaintiff (the "collective Plaintiffs"), have asserted claims in their respective Complaints for damages to their residences and/or businesses resulting from the alleged acts and omissions of the Defendant, the Sewerage and Water Board of New Orleans ("SWB" or "Defendant"), with regard to the Southeast Louisiana Urban Flood Control Project ("SELA") in Uptown New Orleans.  The SWB

has filed a Third Party Complaint against Third Party Defendants, Boh Brothers Construction Co. LLC; B&K Construction Company; and Cajun Constructors LLC, who are the three individual construction contractors performing the relevant SELA Project work on the seven phases (the "seven Projects") of the SELA Orleans Uptown Project.  Additional claims have been filed by Third Party Defendant, B&K Construction Company, against some of its subcontractors, and B&K's insurance and surety companies have been made parties as well (collectively "Third Party Defendants").

From June 29, 2016 through and including July 5, 2016, the collective Plaintiffs, the Defendant, and the Third Party Defendants issued eight (8) proposed *draft* notices and cross-notices for a Rule 30(b)(6) deposition ("deposition") of a USACE corporate representative, together with multiple proposed *draft* requests for USACE documents which the USACE corporate representative is being requested to produce at least seven (7) days prior to the requested deposition.  Additionally, following July 5, 2016, additional updated notices have also been received, and are continuing to be received to date.  These various deposition and document notices are collectively referred to herein as the "Notices."

Many of the Notices received do not comply with either the requirements of Fed. R. Civ. P. 30(b) or the requisite *Touhy* requirements as set forth in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and 32 CFR §§ 97.6(c), 516.40-516.57 and which are attached hereto as Exhibit 1.  Moreover, many of these Notices contain "catch-all" descriptions of the areas of inquiry and the documents requested for production, and make no attempt to define the scope of the deposition inquiries with any "reasonable particularity" or the subject matter of the documents to be produced, as required pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  As such, the Notices have in large part been repetitive, duplicative, overlapping,

2

vague, and overbroad.  At least five of the Notices received as of July 5, 2016 were completely missing any "areas of inquiry" as required by Rule 30(b)(6).  Currently, there are approximately 85+ areas of inquiry and over 265 individual document requests among the initial 8 Notices.  If the five deficient Notices once updated will have similar numbers of areas of inquiry for the deposition, the total number of areas of inquiry – could easily approach or exceed approximately 160+ different subject areas.   The total number of subject areas is currently uncertain given the current status of the various requests.

Although counsel for some of the Parties has suggested that the USACE Corps Representative, John Fogarty's, deposition could take from "several" days to upwards of seven (7) plus working days, no Party has moved this Court for a Motion to Extend the Time for the Deposition from the Rule 30(d)(1) limit of a single day, with a maximum seven (7) hour examination period for the one-day deposition.  Likewise, prior to July 12, 2016 when USACE hosted a conference call in an effort to organize the deposition in response to the multiple notices, and in an effort to accomplish a stipulation to timing for the subject deposition, no Party had attempted to undertake any measures to avoid duplicative and repetitive questioning or otherwise ensure that the USACE deposition is not conducted in a manner that is unreasonable, vexatious and/or includes repetitive examination.

Given the multiple repetitive, varying, and vague draft Notices, the large number of Parties, and the complexity of the issues to be addressed during the deposition, counsel for USACE scheduled a July 12, 2016, 2:00 p.m. conference call with counsel for all Parties interested in participating, in an effort to reach a stipulation on the duration, scope, and other matters relating to the deposition of the USACE corporate representative and the accompanying document production. The conference call was attended by counsel for the following Parties: the

*Sewell* Plaintiffs, the *Lowenburg* Plaintiffs, the *Ariyan* Plaintiff, Defendant SWB, Third Party Defendant Boh Brothers Construction Co. LLC ("Boh"), Third Party Defendant, B&K Construction Company ("B&K"), Third Party Defendant Cajun Constructors LLC ("Cajun"), Third Party Defendant Blue Iron Foundation and Shoring ("Blue Iron"), Third Party Defendant AGLIC, Third Party Defendant RSUI Indemnity, Third Party Defendant Barriere Construction, Third Party Defendant AIG, and Third Party Defendant Hallmark Specialty Insurance Co.

During the July 12, 2016 conference call there was slight movement towards organizing the deposition in a reasonable manner, wherein the parties seemingly agreed that the deposition could be organized by project.  Nevertheless, many issues remain, for which the USACE now seeks a Protective Order to govern the rapidly approaching USACE deposition.  Consequently, USACE is requesting that this Honorable Court enter a Protective Order which:

(a) Requires all requesting Parties to comply with the applicable *Touhy* regulations (*See* 32 CFR §§ 97.6(c), 516.40-516.57), as well as the requirements of Fed. R. Civ. P. 30(b)(2); 30(b)(6); and 30(d).  The USACE has agreed to waive service of the parties' respective *Touhy* requests and will modify the timing required for *Touhy* compliance to ensure that the requested deposition occurs timely.

(b) Limits the duration of the deposition of Mr. John Fogarty, USACE Resident Engineer for the SELA Uptown Orleans Projects and the identified USACE Rule 30(b)(6) witness, in accordance with the requirements of Fed. R. Civ. P. 30(d), commencing no earlier than 8:30 am on Wednesday July 27, 2016 at the USACE, New Orleans District Office located at 7400 Leake Avenue, New Orleans, Louisiana 70118.  Notably, the parties declined USACE's very reasonable offer to stipulate to producing Mr. Fogarty for not more than five (5) working days, with no more than seven hours of examination per day, commencing no earlier than 8:30 am on

July 27, 2016 at the USACE, New Orleans District Office located at 7400 Leake Avenue, New Orleans, Louisiana 70118, and continuing working day to working day, during the same hours and at the same location, through and including July 28, 2016, July 29, 2016, August 1, 2016, and August 2, 2016.  In response to USACE's very reasonable proposed stipulation, the parties declined and reserved their "right" to an unlimited duration for Mr. Fogarty's deposition.  The parties further declined USACE's request that the varying categories of parties would mutually agree to time limitations on questioning within the deposition duration, with timing allocated in a manner agreeable to the parties.   USACE believes that five (5) consecutive working days, with seven hours of examination per day, for a total of 35 hours of deposition testimony, is more than a reasonable amount of deposition time, taking into consideration the complexity of the litigation; the number of parties; the time and resources of USACE and the deponent; the *reasonable* areas of inquiry; the knowledge of the deponent of the subject areas and his ability to prepare for the deposition under the expedited instructions of the Court; and the need for counsel to focus on obtaining the documents and testimony they respectively require without subjecting USACE and its witness to an open-ended deposition with unlimited and unstructured exploration into every conceivable topic regardless of relevance to the claims at issue.

(c) Requires the areas of deposition inquiry and the document requests to be specified by counsel for the participating Parties with "reasonable particularity" and to be non-duplicative or repetitive, in an effort to ensure that Mr. Fogarty is not unduly burdened in searching for the requested documents and information, and to ensure that Mr. Fogarty will be sufficiently prepared to give complete and knowledgeable testimony on July 27, 2016. The areas of inquiry should be limited to only those areas that Mr. Fogarty has knowledge of and can appropriately testify to as the USACE corporate representative.  The period of time for inquiries for each of the

seven Projects should commence with the beginning of the design approval process for each of the seven Projects and continue through to the present day and the current stages of construction for each of the seven Projects.  During the USACE hosted conference call, the three categories of parties, Plaintiff, Defendant and Third Party Defendants, were asked by USACE to collaborate in forming a list of topics for inquiry and associated document requests with "reasonable particularity." Following the call, it was unclear whether same could be accomplished by the parties.

(d)  Requires the descriptions of the documents to be produced to be specified by counsel for the participating Parties in a clear and concise manner, and without duplication, overlap, redundancy, repetition, vagueness, overbreadth, and "fishing."  Descriptions using "catch-all phrases" or that are so overly broad or cast such a wide net that the document request encompasses vast ranges of acts and/or omissions that clearly have no reasonable relation to any of the currently pending claims or defenses should be prohibited.  The scope of the document requests should cover matters pertaining to the current pending claims and defenses of the Parties, and which cover the time period from the commencement of the design approval process for each of the seven Projects and continue through to the present day and the current stages of construction for each of the seven Projects. During the USACE hosted conference call, USACE requested that the three categories of parties, Plaintiff, Defendant and Third Party Defendants, collaborate in forming a list of topics for inquiry and associated document requests with "reasonable particularity." Following the call, it was unclear whether same could be accomplished by the parties.

(e) Requires the subject matter questioning of Mr. Fogarty be organized by Project proceeding in an order agreed upon by the parties.   Following the USACE hosted conference

6

call, it is contemplated that counsel for each of the Third Party Defendants will take the lead questioning Mr. Fogarty on the Project(s) being constructed by counsel for the Third Party Defendant Contractor's respective clients, and that counsel for the remaining Third Party Defendants will have few, if any, questions for Mr. Fogarty during the questioning of him on Projects not being performed by their clients.  The order of questioning by counsel should begin with the counsel representing the Third Party Defendant for the particular Project under discussion, followed by counsel for the SWB, and then counsel for the collective Plaintiffs.  The collective Plaintiffs should be required to designate one lead attorney for all of the deposition questioning by Project.

(f)  Requires the collective Plaintiffs to pay all costs for USACE depositing the requested documents into the Parties' repository.  During the conference call hosted by USACE, counsel for the Sewell Plaintiffs agreed that the Plaintiffs will pay all costs for USACE depositing the requested documents into the document repository, subject to the parties' agreement regarding document repository cost sharing by the parties.

(g)  Prohibits re-taking the deposition of Mr. Fogarty at a later date in another capacity such as a fact witness thereby limiting the deposition of Mr. Fogarty in this action to  one (1) deposition.  During the USACE hosted conference call, SWB declined agreement as to one (1) deposition for Mr. Fogarty, subject to review of the documents produced.

## I.  FACTS AND PROCEDURAL HISTORY

The *Sewell* Plaintiffs' initial cause of action (R.Doc. 1-2) was filed against the sole Defendant, SWB alleging damages suffered to residences and/or businesses related to the SELA Project in Orleans Parish, Louisiana, which seeks to reduce flood damages.  In response, the SWB filed a Third Party Complaint against the Third Party Defendants who are the three

individual construction contractors hired to perform work on the relevant phases of the SELA Orleans Uptown Project.  (R.Doc.14).  Additional litigation matters involving the SELA Project seemingly have also been consolidated with the *Sewell* litigation for discovery purposes (e.g., CA. Nos.15-6276, 16-2326, and 16-3120).

On June 27, 2016 at the Court's request, the undersigned attended a status conference with the expectation of discussing whether USACE would be required to attend mediations in the subject litigation, and to describe the absence of any existing contractual or legal obligations between USACE and the SWB that would require that USACE participate in or approve settlement agreements entered into by the SWB in the subject litigation.  Agency counsel from USACE was also present to discuss whether USACE should be required to attend mediations in the subject litigation and the lack of a contractual obligation for the same.  During the June 27, 2016 status conference, counsel for Third Party Defendant, Boh Brothers, asserted (for the first time) that he would like to take the deposition of John Fogarty as a USACE Rule 30(b)(6) witness and possibly also individually, as a fact witness.  As of the June 27, 2016 status conference, neither Boh Brothers nor any other Party to the subject litigation had previously requested the deposition of Mr. Fogarty, either verbally or in writing.  The undersigned asserted that because USACE is not a party to the subject litigation, the Parties are required to comply with the applicable federal process requesting depositions where the USACE is a non-party. This would include the *Touhy* regulations and the applicable Rules of Federal Civil Procedure. *See* 32 CFR §§ 97.6(c), 516.40-516.57[1].   In response, the Court instructed that Mr. Fogarty was to be made available no later than the last week in July 2016 (or possibly the first week in August 2016) in response to the Parties' requests, and that USACE should expedite Boh Brothers counsel's request to take Mr. Fogarty's deposition.  USACE is making all efforts to fully comply

---

[1] *See* Exhibit 1 describing USACE *Touhy* requirements as forwarded to all requesting Parties by USACE.

with the Court's June 27, 2016 status conference instructions and has agreed to make Mr. Fogarty available for deposition on July 27, 2016 without service of a subpoena, and is working to timely produce the non-objectionable requested documents as subject to the Parties' compliance with the applicable *Touhy* requirements, the requirements of Rule 30, and any Court Order that may be granted as a result of this Motion or otherwise.

In an effort to accomplish a timely and efficient USACE deposition, USACE has offered the Parties very reasonable stipulations and concessions to accommodate the requests of the Parties with regard to the deposition of Mr. Fogarty and the production of the requested documents. However, given the current posture and the expedited time frame , USACE is faced with having to produce Mr. Fogarty for a deposition of unlimited duration and scope, on areas of inquiry that have not been identified with reasonable particularity, and on topics which he may have no knowledge or familiarity.

USACE hereby request this Protective Order in an effort to timely and efficiently accomplish the Court's directives in a manner which ensures that the purpose and intent of Rule 30 is met, and that an organized, reasonable, efficient, and fair examination of Mr. Fogarty is conducted. A Protective Order is necessary to protect Mr. Fogarty from being subjected to a deposition of unlimited duration and scope, as well as being questioned on documents and/or topics of which he is not knowledgeable or familiar. In addition, a Protective Order is needed to prevent the oppression, undue burden and expense, that USACE will suffer from being required to potentially produce thousands of documents in response to the multiple Notices which are open-ended, duplicative, vague, and so overbroad in their sweep that they encompass and require the production of voluminous documents, conceivably tens of thousands of documents, that have no relevance to any of the pending claims or defenses of the Parties. Since the first Notice was

received by USACE on June 28, 2016 through July 8, 2016, Mr. Fogarty has spent a significant amount of time devoted solely to accumulating the documents requested in the Notices. Commencing July 11, 2016, Mr. Fogarty has been devoting the vast majority of his working hours at USACE to locating and compiling documents encompassed by the 8 Notices.   In addition, Mr. Fogarty has a staff of three (3) full time employees who are also predominately devoting their working hours to locating and compiling documents for the subject litigation. Mr. Fogarty is the Resident Engineer for the seven Projects which are under active construction, and is also the Resident Engineer for the remaining 6 additional SELA Projects in Orleans Parish which are also under active construction.   Mr. Fogarty and other personnel of USACE have expended an extraordinary amount of time and resources in working to respond to the requests of the Parties, and in so doing, is being taken away from the USACE mission.

## II. LEGAL ARGUMENT

As provided by the Court in *In re Katrina Canal Breaches Consolidated Litigation*, 2008 WL 4936734 (E.D.La.), to allow the parties to proceed with their repetitive and duplicative list of proposed deposition topics would be unreasonable.  *Id*. at 2.  Thus, the Court must exercise its discretion to restrict the Parties' Notices in some reasonable fashion.  *Id*.  An order of this kind is appropriate when discovery would burden the "party" (notably, USACE is not a party to the subject litigation) from whom it is sought unduly.  *Id* at 3.  The Court also has discretion to limit the scope of discovery.  *Id*. at 3.  *In re Katrina Canal Breaches Consolidated Litigation*, the Court ordered the plaintiffs to identify 40 deposition topics for the USACE deposition, as derived from the 168 topics in their revised deposition notice.  *Id*.

USACE respectfully submits that a similar order will serve the interest of efficiency for the Parties and USACE in the current litigation, and hereby requests that this Honorable Court

issue a Protective Order governing the USACE deposition and related document production.  As previously asserted, eight *draft* Notices were received by counsel for USACE during the period of June 28, 2016 through July 5, 2016.  To date, additional and/or updated requests are still being received.  The draft Notices received as of July 5, 2016 included[2]:

A.  Boh Brothers Construction Company, L.L.C. (June 28, 2016)[3];

B.  B&K Construction Company, L.L.C. (June 29, 2016)[4];

C.  Lowenburg Plaintiffs (June 30, 2016)(list of documents only)[5];

D.  *Sewell* Plaintiffs (June 30, 2016)[6];

E.  Blue Iron Foundation and Shoring, L.L.C. (July 1, 2016)[7];

F.  Cajun Constructors, LLC (July 1, 2016)[8];

G.  Sewerage and Water Board of New Orleans (July 1, 2016)[9]; and

H.  Ariyan, Inc., d/b/a Discount Corner (July 5, 2016)[10], [11].

Although USACE's expectation is that counsel who have not already complied with the *Touhy* regulations are currently working to comply with the applicable *Touhy* regulations, it is noteworthy that counsel for Third Party Defendant, Blue Iron, has advised counsel for USACE via email correspondence and during the USACE hosted conference call that his client's position is that the Parties have been relieved of their obligation to comply with the applicable *Touhy* regulations. While the Court clearly and in no uncertain terms asserted that USACE was to

---

[2] Various parties to the subject litigation have updated their request following July 5, 2016 in an effort to accomplish Touhy compliance, and updated requests are continuing to be received to date.
[3] See Exhibit 2
[4] See Exhibit 3
[5] See Exhibit 4
[6] See Exhibit 5
[7] See Exhibit 6
[8] See Exhibit 7
[9] See Exhibit 8
[10] See Exhibit 9
[11] The USACE objects to the draft notice received from Ariyan, Inc., d/b/a Discount Corner, as received on Tuesday, July 5, 2016, to the extent such request varies significantly from all other requests received, and to the extent such request will require a deponent other than Mr. Fogarty.

expedite any and all requests, which USACE is doing, there is no Court Order relieving the Parties of compliance with the applicable *Touhy* regulations, and compliance remains a requirement pursuant to the Code of Federal Regulations. 32 CFR §§ 97.6(c), 516.40-516.57.

### A. *Touhy* Regulations.

Pursuant to 32 CFR §§ 97.6(c), 516.40, and 516.41, the Army must authorize the appearance of its personnel and/or the production of official documents in private litigation. The Army cannot authorize its employees to appear absent a request in writing for the employee's appearance in accordance with Department of Defense Directives, 32 CFR § 97.6(c), and Army Regulations, 32 CFR §§ 97.6(c), 516.40-516.57. The written request must include the nature of the proceeding and the nature and relevance of the official information sought. *Id.* § 516.41. USACE cannot act upon a request until the required information is received. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Boron Oil Co. v. Downie*, 873 F.2d 67 (4th Cir. 1989). By virtue of *Touhy v. Ragen*, 340 U.S. 462 (1951), the Supreme Court has recognized the authority of agency heads to restrict the testimony of their subordinates. Accordingly, compliance with the *Touhy* regulations is required by the Parties as a matter of law. As of July 6, 2016, all requesting Parties have been notified in writing of the necessity to comply with the *Touhy* requirements and have been asked to furnish USACE with the following:

1. The name of the employee you seek to testify;

2. The testimony you seek to elicit from the employees;

3. The nature of the proceedings and the relevance and importance of the testimony to the proceedings; and

4. The extent to which the testimony is available from other sources.

In addition to the above requirements, all requesting Parties were advised via Exhibit 1 that the USACE employee's supervisor must approve his absence from duty so that that his absence does not interfere with the mission.  The requesting Parties were also advised via Exhibit 1 that the requesting Parties are technically required to subpoena the requested USACE witness since the subject litigation is purely private litigation (but that USACE would agree to waive service), and further advised that the witness' appearance must be at no expense to the United States.  *See* Exhibit 1.  *See also* 38 CFR §§ 516.55(c), 32 CFR § 516.50.

**B**. **Applicable Federal Rules of Civil Procedure.**

**1.  Federal Rule of Civil Procedure 30(d)- Deposition Duration**

Federal Rule of Civil Procedure 30(d) addresses deposition duration, and provides that:

> *Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.  The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.*

Fed.R.Civ.Pro. 30(d).

It is well-established that Notices that list too many topics or that are otherwise too burdensome may not be enforceable.  *Martin v. Allstate Ins. Co*., 292 F. R. D. 361 (N. D. Tex. 2013).  As stated in the *In re Katrina Canal Breaches Consolidated Litigation*, 2008 WL 4936734 (E.D. La. 2008), where it can be anticipated that the Rule 30(b)(6) deposition of the United States would be complex and wide ranging, and would probably require more than seven hours, that does not mean, however, that the deposition should be completely unlimited.  *Id*. at 2. USACE submits that in the *In re Katrina Canal Breaches Consolidated Litigation*, the USACE deposition was limited by the Court in an

effort to ensure an efficient and reasonable USACE deposition.  *Id* at 4.  Similar Court intervention is requested in the present litigation.

   **2. Federal Rule of Civil Procedure 30(b)(6) – Notice of Subpoena Directed to an Organization.**

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that the parties must describe with "***reasonable particularity***" the matters for examination.  In the present matter, many of the Notices fail to describe the matters for examination with "reasonable particularity" as required.  Moreover, there is a recognized dichotomy in Fed. R. Civ. P. 26(b) between allowing the parties adequate leeway to discover information relevant to their claims or defenses and imposing limits "to guard against redundant or disproportionate discovery" which is well recognized.  Advisory Committee Notes to the 1983 Amendments to the Federal Rules of Civil Procedure *reported in Federal Civil Judicial Procedure and Rules* at 157 (Thomson West Pamph. 2008 ed.).  Notwithstanding the fact that some materials sought by the Parties are within the scope of Rule 26, it is well established that Rule 26 does not allow for unreasonable discovery particularly when a discovery request is repetitive and duplicative and judicial restrictions are necessary to impose restrictions on the scope and extent of discovery.  *In re Katrina Canal Breaches Consolidated Litigation*, 2008 WL 4936734 (E.D. La. 2008).

Currently, there are approximately 85+ areas of inquiry and over 265 individual document requests set forth in the 8 Notices.  If the five deficient Notices will include the required "areas of inquiry" for the deposition in a similar numbers of areas, the total number of areas of inquiry could approach or exceed approximately 160+ different subject areas.  The document requests in the Notices should be limited to subject areas that are relevant to the remaining claims and defenses of the Parties in the litigation and should be limited in time from

the commencement of the design approval process for each individual Project through contract advertisement and award and up to the current stages of construction for each Project.

### III. CONCLUSION.

Based on the foregoing, USACE requests that this Honorable Court issue a Protective Order governing the duration and scope, among other things, of the deposition of Mr. Fogarty as the USACE corporate representative, and the production of documents by USACE for use in the deposition of Mr. Fogarty, to ensure that the purpose and intent of Federal Rule 30 is met, and that an organized, reasonable, efficient, and fair deposition is conducted.  More specifically, USACE is requesting that this Honorable Court enter a Protective Order that:

 (a) Requires all requesting Parties to comply with the applicable *Touhy* regulations (*See* 32 CFR §§ 97.6(c), 516.40-516.57), as well as the requirements of Fed. R. Civ. P. 30(b)(2); 30(b)(6); and 30(d).

(b) Limits the duration of the deposition of Mr. Fogarty (the USACE Rule 30(b)(6) witness) in accordance with the requirements of Fed. R. Civ. P. 30(d), identifying not more than five working days, seven hours per day  (35 business hours total), for the subject deposition; And further requires the three categories of parties (Plaintiffs, Defendant and Third Party Defendants) to mutually agree to time limitations on questioning within the deposition duration.

(c) Requires the areas of deposition inquiry and the document requests to be specified by counsel for the participating Parties jointly where possible, with "reasonable particularity" and to be non-duplicative or repetitive, in an effort to ensure that Mr. Fogarty is not unduly burdened in searching for the requested documents and information, and to ensure that Mr. Fogarty will be sufficiently prepared to give complete and knowledgeable testimony.  The areas of inquiry should be limited to only those areas that Mr. Fogarty has knowledge of and can appropriately

testify to as the USACE corporate representative.  The period of time for inquiries for each of the seven Projects should commence with the beginning of the design approval process for each of the seven Projects and continue through to the present day and the current stages of construction for each of the seven Projects.

(d)  Requires the descriptions of the documents to be produced to be specified by counsel for the participating Parties in a clear and concise manner, jointly where possible, and without duplication, overlap, redundancy, repetition, vagueness, overbreadth, and "fishing." Descriptions using "catch-all phrases" or that are so overly broad or cast such a wide net that the document request encompasses vast ranges of acts and/or omissions that clearly have no reasonable relation to any of the currently pending claims or defenses should be prohibited. The scope of the document requests should cover matters pertaining to the current pending claims and defenses of the Parties, and which cover the time period from the commencement of the design approval process for each of the seven Projects and continue through to the present day and the current stages of construction for each of the seven Projects.

(e) Requires the subject matter questioning of Mr. Fogarty be organized by Project proceeding in an order agreed upon by the parties, with lead counsel identified for each category of parties, with mutually agreed upon time limitations on questioning within the deposition duration.  Following the USACE hosted conference call, it is contemplated that each counsel for a Third Party Defendant will take the lead questioning Mr. Fogarty on the Project(s) being constructed by counsel for the Third Party Defendant contractor's respective clients, and that counsel for the remaining Third Party Defendants will have few, if any, questions for Mr. Fogarty during the questioning of him on Projects not being performed by their clients.  The order of questioning by counsel should begin with the counsel representing the Third Party

Defendant for the particular Project(s) under discussion, followed by counsel for the SWB, and then counsel for the collective Plaintiffs.  The collective Plaintiffs should be required to designate one lead attorney for all of the deposition questioning for each Project.

(f)    Requires the collective Plaintiffs to pay all costs for depositing the requested documents by USACE into the Parties' repository, in accordance with any agreements reached by the parties on document repository costs.

(g)  Prohibits re-taking the deposition of Mr. Fogarty at a later date in another capacity such as a fact witness thereby limiting the deposition of Mr. Fogarty in this action to  a single deposition.

Respectfully submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


   _s/ Sunni J. LeBeouf_____
**SUNNI J. LeBEOUF**
Assistant United States Attorney
LA Bar Roll No. 28633
650 Poydras Street, 16th floor
New Orleans, Louisiana  70130
Telephone:  (504) 680-3061

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record who are participants.   I further certify that I forwarded the foregoing document via facsimile and/or first class mail to all non CM/ECF participants.

   *s/ Sunni J. LeBeouf*       
**SUNNI J. LeBEOUF**
Assistant U.S. Attorney
