UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH SEWELL, ET AL. | CIVIL ACTION NO. 2:15-CV-03117 |
| VERSUS | SECTION "N", DIVISION (3) |
| SEWERAGE & WATER BOARD OF NEW ORLEANS, ET AL. | JUDGE KURT D. ENGELHARDT |
| | MAG. DANIEL E. KNOWLES, III |
| | *JURY TRIAL REQUESTED* |

NOTICE OF VIDEOTAPED RULE 30(b)(6) DEPOSITION

TO:    United States Army Corps of Engineers
       New Orleans Division
       7400 Leake Avenue
       New Orleans, LA
       70118

**PLEASE TAKE NOTICE** that third party defendant in the above-captioned matter, Blue

Iron Foundation and Shoring, L.L.C. ("Blue Iron"), will take the videotaped corporate deposition of

the United States Army Corps of Engineers, New Orleans Division ("the Corps"), at **9:00 a.m.**

**on July ___, 2016**. The deposition will be held at the Corps' local office located at 7400 Leake

Avenue, New Orleans, Louisiana 70118. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, the Corps shall designate one or more officers, directors, managers, or other

individuals to testify on its behalf regarding the Areas of Inquiry set forth in the attached Exhibit

"A."

The deposition will be recorded by stenographic and videotaped means before a notary

public, court reporter, or other individual duly authorized to administer oaths. The deposition

will be for any and all purposes authorized by the Federal Rules of Civil Procedure and will

continue from day to day thereafter until completed. Blue Iron reserves its right to continue the

Exhibit 6

deposition based upon information and/or documents obtained, produced, or identified during or after the deposition. You are invited to attend and participate as you deem appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Corps is required to produce the documents and things identified in the attached Exhibit "A" no later than seven (7) calendar days prior to the corporate deposition, or on **July \_\_\_\_, 2016**. The production of the specified documents shall be made at the Depository ordered by the Court, Professional Shorthand Reporters U.S. Legal Support, 601 Poydras Street, Suite 1615, New Orleans, Louisiana. If any documents or things are withheld on the basis of a privilege or protection, you are required to expressly identify the basis of the claim and describe the nature of the documents or things withheld in accordance with Rule 45 of the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
ERNEST P. GIEGER, JR. (6154)
Email:          egieger@glllaw.com
ANDREW A. BRAUN (3415)
Email:          abraun@glllaw.com
CHRISTOPHER R. TESKE (27106)
Email:          cteske@glllaw.com
ELIZABETH A. CHICKERING (31099)
Email:          echickering@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139
Telephone:     (504) 561-0400
Facsimile:     (504) 561-1011
ATTORNEYS FOR BLUE IRON
FOUNDATION AND SHORING, L.L.C.

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _____ day of July, 2016 served a copy of the foregoing on all parties in this matter via the Court's CM/ECF system.


_____
ELIZABETH A. CHICKERING

3

## EXHIBIT A

The following definitions and instructions apply to the list of documents below identified by the subpoena *duces tecum* to be produced by the party named therein.

## DEFINITIONS

1.  "You" or "your" or "the Corps" shall mean the United States Army Corps of Engineers and its related entities or agencies, and anyone acting on its behalf, including, but not limited to, any department, division, or office thereof, and any officers, employees, agents, directors, managers, consultants, contractors, attorneys, accountants, experts, and any other such representative.

2.  "Representative" shall include any and all agents, officers, employees, directors, consultants, contractors, attorneys, accountants, experts, and any other such representative, regardless of whether or not any individual or entity was acting on behalf of the Corps at any given time.

3.  The "SELA Project" or "Project" shall mean the Southeast Louisiana Urban Flood Control Project administered by the Corps in the Uptown area of New Orleans, Louisiana.

4.  The "SWB" shall mean the Sewerage and Water Board of New Orleans, and its related entities or agencies, and anyone acting on its behalf, including, but not limited to, any department, division, or office thereof, and any officers, employees, agents, directors, managers, consultants, contractors, attorneys, experts, and any other such representative.

5.  "B&K" shall mean B&K Construction Company, L.L.C., any agents, representatives, employees, and any other person or entity acting on behalf of it or any of the foregoing.

6.  "Blue Iron" shall mean Blue Iron Foundation and Shoring, L.L.C., any agents, representatives, employees, and any other person or entity acting on behalf of it or any of the foregoing.

7.  "Jefferson Phase I" shall mean the segment of the SELA Project known as SELA 21, Jefferson Avenue Canal Number 1, Contract No. W912P8-13-C-0037, which is located between South Claiborne Avenue and Dryades Street.

8.  "Claiborne Phase II" shall mean the segment of the SELA Project known as SELA 24b, Claiborne Avenue II Covered Canal, Contract No. W912P8-12-C-0036, which is located between Leonidas Street and Lowerline Street.

9.  "TRS" shall refer to the Temporary Reinforcement System.

4

10.     "Communication" shall mean:

    (a)    when referring to an oral communication a conversation, statement, conference, or other oral message, whether made in person, by telephone, or otherwise; and

    (b)    when referring to a written communication a letter, note, memorandum, telegram, mailgram, telexes, electronic mail, or other document.

11.     "Document" is intended in the broadest sense permissible under the Federal Rules of Civil Procedure and shall mean a document or documents whose existence is known or can be determined by the party these discovery requests are directed to, regardless of its location, and includes but is not limited to, the original and any copy regardless of origin, either typed, printed, handwritten, or otherwise visually reproduced or electronically stored, and all drafts or correspondence, vouchers, receipts, contracts, leases, agreements, orders, legal instruments, ledgers, bills, checks, files, internal shipment orders or memoranda, records, tables, charts, graphs, pictures, schedules, appointment books and calendars, timesheets, diaries, reports, memoranda, notes, letters, telegrams, messages, reports of telephone conversations and conferences, tape recordings, transcriptions, studies, analyses, books, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, and other communications, including inter- and intra-office communications, purchase orders, questionnaires, indexes, data sheets or data-processing cards, or print-outs and surveys, electronic mail ("e-mail"), and any other written, recorded, printed, typed, transcribed, audio taped, videotaped, filmed, or otherwise produced or reproduced documents.

The term "document" includes any other evidence of oral or written communications and any other tangible thing that constitutes or contains matter relevant to this action that is within your possession, custody, or control, or known by you to exist, irrespective of whether the document is one intended for or transmitted internally by you or intended for or transmitted to any other person or entity. It also includes all copies by whatever means made, except that identical copies thereof which do not contain any markings, additions, or deletions from the original need not be separately identified or produced.

12.     "Relating to" or "related to" shall mean concerning, referring to, describing, illustrating, constituting, comprising, identifying, dealing with, containing, embodying, evidencing, stating, commenting on, responding to, analyzing, or pertaining to in any way.

13.     "And/or" shall mean "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

14.     References to the singular shall include the plural, and references to the plural shall include the singular.

**DOCUMENTS REQUESTED**

1. Please produce any documents and communications related to the quality control and/or quality assurance process by the Corps and/or its representatives related to the work on Jefferson Phase I and Claiborne Phase II.

2. Please produce any documents and communications related to the quality control and/or quality assurance process by the Corps and/or its representatives related to pile driving work on Jefferson Phase I and Claiborne Phase II.

3. Please produce any documents and communications related to the quality control and/or quality assurance process by the Corps and/or its representatives related to the installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II.

4. Please produce any documents and communications related to the approval of the design of any work on Jefferson Phase I and Claiborne Phase II.

5. Please produce any documents and communications related to the approval of the design of pile driving work on Jefferson Phase I and Claiborne Phase II.

6. Please produce any documents and communications related to the approval of the design of the installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II.

7. Please produce any daily/weekly/monthly/annual, progress, or other job reports or logs related to the work Jefferson Phase I and Claiborne Phase II.

8. Please produce any daily/weekly/monthly/annual, progress, or other job reports or logs related to pile driving work Jefferson Phase I and Claiborne Phase II.

9. Please produce any daily/weekly/monthly/annual, progress, or other job reports or logs related to the installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II.

10. Please produce any communications between the Corps and the SWB related to Blue Iron's work on Jefferson Phase I and Claiborne Phase II, including, but not limited to, approval by the Corps or SWB of any work, changes in scope or work, resequencing of work, or any other modifications to those phases of the Project.

11. Please produce any communications between the Corps and B&K related to Blue Iron's work on Jefferson Phase I and Claiborne Phase II, including, but not limited to, approval by the Corps or B&K of any work, changes in scope or work, resequencing of work, or any other modifications to the project.

12. Please produce any communications between the Corps and Blue Iron related to Blue Iron's work on Jefferson Phase I and Claiborne Phase II, including, but not limited to,

approval by the Corps or Blue Iron of any work, changes in scope or work, resequencing of work, or any other modifications to the project.

13. Please produce any communications, memoranda, notes, meeting minutes, agendas, inspections, reports, journals, logs, and any other documents relating to Blue Iron's work on Jefferson Phase I and Claiborne Phase II.

14. Please produce any documents and communications prepared or sent by any consultants, monitors, inspectors, and any other third party retained by the Corps for the purpose of administration, inspections, monitoring, management, supervision, oversight, or other such responsibilities related to any work on Jefferson Phase I and Claiborne Phase II.

15. Please produce any documents and communications prepared or sent by any consultants, monitors, inspectors, and any other third party retained by the Corps for the purpose of administration, inspections, monitoring, management, supervision, oversight, or other such responsibilities related to any pile driving work on Jefferson Phase I and Claiborne Phase II.

16. Please produce any documents and communications prepared or sent by any consultants, monitors, inspectors, and any other third party retained by the Corps for the purpose of administration, inspections, monitoring, management, supervision, oversight, or other such responsibilities related to the installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II.

17. Please produce any documents and communications related to any alleged errors, mistakes, deficiencies, deviations, discrepancies, or other substandard work by Blue Iron on Jefferson Phase I and Claiborne Phase II.

18. Please produce any documents and communications related to the failure, if any, of Blue Iron to comply with its contract requirements, including the plans and specifications, on Jefferson Phase I and Claiborne Phase II.

19. Please produce any testing, monitoring, readings, surveys, or any other observable results of the conditions at or surrounding the construction sites for Jefferson Phase I and Claiborne Phase II pertaining to the following:

   a. vibrations;
   b. noise levels;
   c. jet grouting;
   d. concrete breakage and removal;
   e. water drainage and/or dewatering;
   f. soil excavation and/or earth moving;
   h. soil subsidence, settlement, and/or sinkage;
   i. equipment hauling;
   j. debris removal;
   k. emission of dust, dirt, particles, chemicals, and/or other substances; and
   l. blocking and/or limiting visual or physical access to properties.

20.     Please produce any testing, monitoring, readings, surveys, or any other observable results of the conditions at or surrounding the construction sites for any pile driving on Jefferson Phase I and Claiborne Phase II.

21.     Please produce any testing, monitoring, readings, surveys, or any other observable results of the conditions at or surrounding the construction sites for the installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II.

22.     Please produce any evaluations of Blue Iron's work on Jefferson Phase I and Claiborne Phase II produced by the Corps and/or any of its representatives.

23.     Please produce all daily vibration monitoring logs for any work on Jefferson Phase I and Claiborne Phase II, either produced by the Corps or on its behalf, or submitted to it by any other individual, entity, or party.

24.     Please produce all daily vibration monitoring logs for any pile driving work on Jefferson Phase I and Claiborne Phase II, either produced by the Corps or on its behalf, or submitted to it by any other individual, entity, or party.

25.     Please produce all daily vibration monitoring logs for any installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II either produced by the Corps or on its behalf, or submitted to it by any other individual, entity, or party.

26.     Please produce any documents identifying all on-site daily supervisors or monitors who were present at any time during work on Jefferson Phase I and Claiborne Phase II, including but not limited to Corps employees or persons present on the Corps' behalf.

27.     Please produce any documents related to any groundwater monitoring information reports, memoranda, or observations produced by the Corps or third party consultants both prior to start of construction and during construction.

28.     Please produce any documents related to any inclinometer, settlement, or soil related monitoring information, reports, or observations from the corps or third party complaints both prior to the project start and during construction.

29.     Please produce any documents related to any monitoring of the TRS system relating to stresses observed in the steel members both bracing and sheeting from either the Corps or any outside or third party to which the Corps has access.

30.     Please produce any documents related to any resident complaints to the SELA hotline or to Corps representatives directly to assist in isolating what the perceived complaints are from, *i.e.* pile driving, breaking concrete, hauling or sheeting installation, or any other cause of complaint.

**DEPOSITION AREAS OF INQUIRY**

1.    Information related to any quality control and/or quality assurance process(es) used or implemented by the Corps and/or its representatives for any work done on Jefferson Phase I and Claiborne Phase II.

2.    Information related to any quality control and/or quality assurance process(es) used or implemented by the Corps and/or its representatives for any pile driving work done on Jefferson Phase I and Claiborne Phase II.

3.    Information related to any quality control and/or quality assurance process(es) used or implemented by the Corps and/or its representatives for any installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II.

4.    Information related to the approval of the design of any work done on Jefferson Phase I and Claiborne Phase II.

5.    Information related to the approval of the design of any pile driving work done on Jefferson Phase I and Claiborne Phase II.

6.    Information related to the approval of the design of any installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II.

7.    Information related to the design requirements, specifications, restrictions, or any other qualifications for any work done on Jefferson Phase I and Claiborne Phase II.

8.    Information related to the design requirements, specifications, restrictions, or any other qualifications for any pile driving work done on Jefferson Phase I and Claiborne Phase II.

9.    Information related to the design requirements, specifications, restrictions, or any other qualifications for any installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II.

10.    Information related to any daily/weekly/monthly/annual, progress, or other job reports or logs related to any work done on Jefferson Phase I and Claiborne Phase II.

11.    Information related to any daily/weekly/monthly/annual, progress, or other job reports or logs related to any pile driving work done on Jefferson Phase I and Claiborne Phase II.

12.    Information related to any daily/weekly/monthly/annual, progress, or other job reports or logs related to any installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II.

13.    Information related to any communications between the Corps and the SWB related to any work, included but not limited to pile driving and the installation and extraction of steel sheet pilings for the TRS, performed on Jefferson Phase I and Claiborne Phase II, including, but not limited to, approval by the Corps or SWB of any work, changes in scope of work, resequencing of work, or any other modifications to work on the project.

14. Information related to any communications between the Corps and B&K related to any work, included but not limited to pile driving and the installation and extraction of steel sheet pilings for the TRS, performed on Jefferson Phase I and Claiborne Phase II, including, but not limited to, approval by the Corps or B&K of any work, changes in scope or work, resequencing of work, or any other modifications to work on the project.

15. Information related to any communications between the Corps and Blue Iron related to any work, included but not limited to pile driving and the installation and extraction of steel sheet pilings for the TRS, performed on Jefferson Phase I and Claiborne Phase II, including, but not limited to, approval by the Corps or Blue Iron of any work, changes in scope or work, resequencing of work, or any other modifications to work on the project.

16. Information related to Blue Iron's work performance on Jefferson Phase I and Claiborne Phase II.

17. Information related to any documents and communications prepared or sent by any consultants, monitors, inspectors, and any other third party retained by the Corps for the purpose of administration, inspections, monitoring, management, supervision, oversight, or other such responsibilities related to any work on Jefferson Phase I and Claiborne Phase II.

18. Information related to any documents and communications prepared or sent by any consultants, monitors, inspectors, and any other third party retained by the Corps for the purpose of administration, inspections, monitoring, management, supervision, oversight, or other such responsibilities related to any pile driving work on Jefferson Phase I and Claiborne Phase II.

19. Information related to any documents and communications prepared or sent by any consultants, monitors, inspectors, and any other third party retained by the Corps for the purpose of administration, inspections, monitoring, management, supervision, oversight, or other such responsibilities related to any installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II.

20. Information related to any alleged errors, mistakes, deficiencies, deviations, discrepancies, or other substandard work by Blue Iron on Jefferson Phase I and Claiborne Phase II.

21. Information related to the failure, if any, of Blue Iron to comply with its contract requirements, including plans and specifications, on Jefferson Phase I and Claiborne Phase II.

22. Information related to any testing, monitoring, readings, surveys, or any other observable results of the conditions at or surrounding the construction sites for Jefferson Phase I and Claiborne Phase II that the Corps relate or attribute to Blue Iron's work.

23. Information related to any evaluations of Blue Iron's work on Jefferson Phase I and Claiborne Phase II produced by the Corps and/or any of its representatives.

24.   Information related to any testing, monitoring, readings, surveys, or any other observable results of the conditions at or surrounding the construction sites for any work on Jefferson Phase I and Claiborne Phase II.

25.   Information related to any testing, monitoring, readings, surveys, or any other observable results of the conditions at or surrounding the construction sites for any pile driving on Jefferson Phase I and Claiborne Phase II.

26.   Information related to any testing, monitoring, readings, surveys, or any other observable results of the conditions at or surrounding the construction sites for any installation and extraction of steel sheet pilings for the TRS on Jefferson Phase I and Claiborne Phase II.

27.   Information related to all on-site daily supervisors or monitors who were present at any time during work on Jefferson Phase I and Claiborne Phase II, including but not limited to Corps employees or persons present on the Corp's behalf.

28.   Information related to any groundwater monitoring information reports, memoranda, or observations produced by the Corps or third party consultants both prior to start of construction and during construction.

29.   Information related to any inclinometer, settlement, or soil related monitoring information, reports, or observations from the corps or third party complaints both prior to the project start and during construction.

30.   Information related to any monitoring of the TRS system relating to stresses observed in the steel members both bracing and sheeting from either the Corps or any outside or third party to which the Corps has access.

31.   Information related to any resident complaints to the SELA hotline or to Corps representatives directly to assist in isolating what the perceived complaints are from, *i.e.* pile driving, breaking concrete, hauling or sheeting installation, or any other cause of complaint.

11