UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH SEWELL, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-3117 c/w 15-6276, 16-2326, 16-2328, 16-3120, 16-4248, 16-4233, 16-12368 |
| SEWERAGE AND WATER BOARD OF NEW ORLEANS | |
| | SECTION "N" (3) |

*THIS DOCUMENT RELATES TO 15-3117*

## ORDER & REASONS

Before the Court is the "Rule 12(b)(6) Motion to Dismiss the Sewerage and Water Board of New Orleans' Third Party Allegations Related to 'Contribution through Subrogation'" (Rec. Doc. 162), filed by third-party defendant Boh Bros. Construction Co., L.L.C. ("Boh Bros."). Third-party defendants B&K Construction Company, L.L.C. ("B&K") and Cajun Constructors, L.L.C. ("Cajun") have adopted the motion of Boh Bros. as their own. (*See* Rec. Doc. 164). The defendant and third-party plaintiff Sewerage and Water Board of New Orleans ("SWB") has filed a memorandum in opposition (Rec. Doc. 165), to which Boh Bros. has replied (Rec. Doc. 185). Now, having reviewed the parties' submissions, the record, and the applicable law, the Court **DENIES** the motion.

A review of the Federal Rules of Civil Procedure, specifically Rules 14 and 15, reveals that SWB needed either leave of court or consent of the third-party defendants before amending its third-party demand. While SWB, following common practice, included its third-party claims in its answer, the Federal Rules of Civil Procedure treat the third-party demand as a distinct pleading. *Compare* FED. R. CIV. P. 14 and 15. As such, Rule 15 allowed the pleading to be amended "as a

matter of course . . . 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b),(e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1)(B). Because SWB did not amend its demand until after the time allowed under subsection (a)(1)(B), Rule 15 required that SWB "amend its pleading only with opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). SWB filed the amended demand without either.

Nonetheless, Rule 15 instructs that "the court should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), although the granting of leave "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Rather, courts are to consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, Boh Bros. argues that it would be futile to allow SWB's amended demand to stand, because the Court has since ruled on the causes of action underlying the newly added third-party claims for contribution and subrogation. However, the Court ruled on the underlying causes of action in the context of indemnification, and it is unwilling to paint its prior ruling with such a broad brush, particularly on the showing made by the third-party defendants. Moreover – and importantly – in light of the anticipated summary judgment motions soon to be submitted by the third-party defendants, the Court believes it prudent to defer ruling on the viability of the contribution and subrogation claims until that time. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that SWB is retroactively given **LEAVE** to amend and that its "Answer and Third Party Demand" (Rec. Doc. 146) is to remain in the record as filed.

New Orleans, Louisiana, this 8th day of September 2016.

                                         **KURT D. ENGELHARDT**
                                         **UNITED STATES DISTRICT JUDGE**