UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH SEWELL, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-3117 c/w 15-6276, 16-2326, 16-2328, 16-3120, 16-4248, 16-4233, 16-12368 |
| SEWERAGE AND WATER BOARD OF NEW ORLEANS | |
| | SECTION "N" (3) |

*THIS DOCUMENT RELATES TO ALL CASES*

## ORDER & REASONS

Before the Court is the "Sewell Plaintiffs' Motion for Partial Summary Judgment" (Rec. Doc. 228), which seeks a judicial determination on the issue of whether the defendant, the Sewerage and Water Board of New Orleans ("SWB") is the entity potentially liable for the plaintiffs' inverse condemnation claims.[1] The SWB opposes the motion (Rec. Doc. 276), and the plaintiffs have filed a reply (Rec. Doc. 289). Now, having considered the memoranda and the applicable law, the Court denies the motion.

There is no bright line rule for determining which government entity is responsible for a taking. *Holzenthal v. Sewerage and Water Board of New Orleans*, 2006-0796 (La. App. 4 Cir. 1/10/07), 950 So.2d 55, 66. Rather, the issue "is to be decided on the facts of the individual case." *Id.* Here, the involvement of the United States Army Corps of Engineers and the Louisiana Coastal Protection and Restoration Authority, as well as more than one source of funding, creates a genuine dispute that precludes the Court from granting summary judgment on the issue.

---

[1] Save for civil action nos. 16-3120 and 16-12368, the plaintiffs named in the other cases that comprise this consolidated proceeding have moved to join in and adopt the motion of the Sewell Plaintiffs. (*See* Rec. Docs. 238, 239, & 263). Those motions are hereby granted.

Notwithstanding the above, the Court believes that the *Holzenthal* decision should encourage the parties to resolve this issue pre-trial, if possible. A comparison of the Project Cooperation Agreement with the Project Partnership Agreement and Cooperative Endeavor Agreement suggests that the SWB's substantive role in the SELA Project has remained largely unchanged from *Holzenthal* to present. The contracts alone, however, do not show that the plaintiffs are entitled to judgment, as a matter of law. Accordingly,

**IT IS ORDERED** that the Motion (Rec. Doc. 228) is **DENIED**.

New Orleans, Louisiana, this 12th day of October 2016.

                                                      _____
                                                      **KURT D. ENGELHARDT**
                                                      **UNITED STATES DISTRICT JUDGE**