UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH SEWELL, ET AL. | CIVIL ACTION NO. |
| V. | 15-3117 c/w 15-6276, 16-2326, 16-2328, 16-3120, |
| SEWERAGE & WATER BOARD OF NEW ORLEANS | 16-4233, 16-4248, 16-12368 |
| | SECTION "N" (3) |
| *This Order Relates to All Cases* | |

## ORDER & REASONS

Before the Court is the "Consolidated Plaintiff's Joint Memorandum in Support of Subject Matter Jurisdiction" (Rec. Doc. 401) and the Sewerage and Water Board's "Memorandum Regarding Subject Matter Jurisdiction" (Rec. Doc. 398), filed pursuant to this Court's directive in its Order & Reasons dated December 20, 2016 (Rec. Doc. 397). Now having considered the submissions of the parties, the record, and applicable law, the Court declines to exercise supplemental jurisdiction over the claims remaining in this litigation.

The decision to decline jurisdiction under these circumstances is one of discretion. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 2012 WL 1448132, at *7 (E.D. La. Apr. 26, 2012). To be certain, the Court acknowledges the significant time and resources invested by all involved in the litigation of these consolidated cases at the federal level. However, the Court acts mindful of its limited jurisdiction and in light of the particularly local nature of this dispute with the Sewerage and Water Board. Furthermore, the Court's declination of jurisdiction at this juncture does not set the parties back to square one. After all, much of the discovery performed to date,

including the taking of depositions,[1] would have taken place regardless of venue. To the extent that this Court has "fast tracked" litigation, the benefits that have accrued to the parties as a result of those efforts should persist (and those efforts themselves easily resumed in state court).

In addition, the services of retired United States Magistrate Judge Michael Hill are not necessarily lost. In fact, the undersigned would urge the judge who inherits this litigation to take advantage of Magistrate Hill's expertise and familiarity with these cases by appointing him as mediator and/or special master.[2] Ultimately, the Court is wary of over extending its limited jurisdiction and believes that a state court is the most appropriate tribunal to resolve what remains of this dispute – that is, purely state law claims. Fear of lost momentum resulting from this declination does not quell the Court's concern. Accordingly,

**IT IS ORDERED** that the cases comprising this consolidated action are hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 5th day January 2017.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[1] In particular, the parties were able to take a lengthy deposition of the United States Army Corp of Engineers under the authority of the federal court, a benefit that would have perhaps been more elusive in state court.

[2] Of course, even without a court appointment, Magistrate Hill can be retained by the parties as mediator at any juncture, should the parties be so inclined.